UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANESH GUPTA,**

      **Plaintiff,**

v.                                                      Case No:   6:17-cv-2188-Orl-41GJK

**UNITED STATES ATTORNEY GENERAL; SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; DIRECTOR, U.S. CITIZENSHIP & IMMIGRATION SERVICES; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; SERVICE CENTER DIRECTOR, CALIFORNIA SERVICE CENTER, USCIS; and FIELD OFFICE DIRECTOR, ORLANDO FIELD OFFICE,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **FEDERAL DEFENDANTS' MOTION TO DISMISS (Doc. No. 35)** |
| **FILED:** | **March 30, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED without leave to amend**.

On January 8, 2018, Plaintiff filed an "Amended Complaint for Issuance of Writ of Mandamus." Doc. No. 15. Plaintiff asks that the Court "compel Defendants to accept and properly adjudicate a Form I-751, Petition to Remove Conditions on Residence ('Form I-751')." *Id.* at 1.

- 2 -

A person immigrating to the United States based on marriage to a United States citizen is first granted conditional residence if the marriage is less than two years old. Beth Stickney, *Conditional and Permanent Residency Through Marriage: Part I*, 99-10 Immigr. Briefings 1 (Oct. 1999). To remove the condition, and eventually become a lawful permanent resident, the immigrant must file a Form I-751 within ninety days preceding the two-year anniversary of the marriage. *Id.*; 8 U.S.C. § 1186a (2013). "[T]he immigration regulations generally presuppose that an individual must be a conditional resident to be eligible to file an I-751 . . . ." *Molina De Massenet v. Gonzales*, 485 F.3d 661, 663 (1st Cir. 2007) (citing 8 C.F.R. §§ 216.4(a)(1), 216.5(a)(1)). Plaintiff alleges that he tried to file Form I-751, but it was returned to him because he did not "include a copy of [his] I-551 card indicating [his] A-number and [his] conditional resident status." Doc. No. 15 at ¶ 12; Doc. No. 15-2 at 3.

On March 30, 2018, Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b) (the "Motion"). Doc. No. 35. In the preamble, Defendants ask the Court "to dismiss this case without leave to amend pursuant to Fed. R. Civ. P. 12(b)(1), on the grounds that this Court lacks jurisdiction." *Id.* at 1. In the Conclusion, Defendants ask the Court to dismiss the Amended Complaint pursuant to Rule 12(b)(6). *Id.* at 7.

Defendants argue that this action should be dismissed for lack of jurisdiction. *Id.* They assert that Plaintiff is "challenging the denial of his I-751 application." *Id.* They argue that, to be eligible to file an I-751 application, the applicant must be a conditional resident, and Plaintiff is not. *Id.* They also argue that the entity that denied Plaintiff's I-751 petition, United States Citizenship and Immigration Services ("USCIS"), "no longer has jurisdiction to adjudicate the petition." *Id.*

Under Federal Rule of Civil Procedure 12(b)(1), a complaint may be dismissed for lack of jurisdiction. Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss, a court must accept all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). Under Rule 12(b)(1), if the defendant is making a factual challenge to subject matter jurisdiction, rather than a facial challenge, then the "court may consider extrinsic evidence such as testimony and affidavits." *Morrison v. Amway Corp.*, 323 F.3d 920, 924-25 n.5 (11th Cir. 2003). The party asserting that subject matter jurisdiction exists bears the burden of proving it. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Although Defendants do not specifically state that they are presenting a factual attack, and the Conclusion references Rule 12(b)(6), they argue that the Court lacks subject matter jurisdiction and the Motion includes supporting documentation to support Defendants' assertion of fact that "Plaintiff is not a lawful resident of the United States."[1] Doc. No. 35 at 7. Thus, Defendants seek dismissal under Rule 12(b)(1). Among other things, Defendants attach an order of this Court in *Gupta v. United States Attorney General, et al.*, Case No. 6:13-cv-1027-Orl-40KRS, in which the Court granted the Defendants' motion for summary judgment and upheld the final decision of the USCIS denying Plaintiff's and his wife's applications for Plaintiff to become a permanent resident. Doc. No. 35-1 at 24.

In responding to the Motion, Plaintiff does not contest Defendants' assertions that being a conditional resident is a prerequisite for filing an I-751 petition or that he is not a conditional resident. Doc. No. 37. Instead, he argues that any decisions denying his request to become a

---

[1] Plaintiff also submitted documentation with his response to the Motion. Doc. Nos. 37-1, 37-2.

permanent resident were "wiped away" by the Immigration Judge directing Plaintiff to file an I-751 petition at a March 2017 hearing, including the decisions affirmed by this Court in Case No. 6:13-cv-1027-Orl-40KRS. *Id.* at 2. Assuming arguendo that the Immigration Judge "wiped away" previous USCIS decisions denying Plaintiff's request to become a legal resident, this does not establish or lead to the conclusion that Plaintiff ever was a legal resident, either with or without conditions.

As Plaintiff does not meet the prerequisite of being a conditional resident for filing an I-751 petition, he lacks standing to receive the relief requested in the Amended Complaint—that the Court issue a writ of mandamus directing Defendants to accept and adjudicate his I-751 petition. Doc. No. 15 at 1, 5. The Court therefore has no subject matter jurisdiction. *See Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003) (jurisdiction regarding a petition for writ of mandamus exists if mandamus is an appropriate means of relief, and it is only appropriate if, among other things, there is a clear right to the relief).[2]

Finally, Defendants argue that because "Plaintiff was placed in Immigration Court proceedings and ordered removed, USCIS no longer has jurisdiction to adjudicate the petition." Doc. No. 35 at 7. Defendants cite 8 U.S.C. § 1252(a)(5), which states that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e)." As Defendants fail to explain how 8 U.S.C.

---

[2] Plaintiff also requests this relief by asking the Court to issue a preliminary and permanent injunction. Doc. No. 15 at 5. This does not warrant denying the Motion, however, as Plaintiff must demonstrate a substantial likelihood of success on the merits to be entitled to a preliminary injunction. *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). As discussed above, Plaintiff fails to make such a demonstration due to providing no evidence that he can establish the prerequisite to filing a I-751 petition of being a conditional resident.

- 5 -

§ 1252(a)(5) supports their position regarding USCIS's lack of jurisdiction over Plaintiff's I-751 petition, this argument is rejected.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 35) be **GRANTED** pursuant to Rule 12(b)(1) without leave to amend.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on August 3, 2018.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties