UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANESH GUPTA,**

  **Plaintiff,**

v.              Case No: 6:17-cv-2188-Orl-41GJK

**UNITED STATES ATTORNEY
GENERAL, SECRETARY, U.S.
DEPARTMENT OF HOMELAND
SECURITY, DIRECTOR, U.S.
CITIZENSHIP & IMMIGRATION
SERVICES (USCIS), UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICES (USCIS), SERVICE
CENTER DIRECTOR, CALIFORNIA
SERVICE CENTER, USCIS and FIELD
OFFICE DIRECTOR, ORLANDO
FIELD OFFICE, USCIS,**

  **Defendants.**

## ORDER

  THIS CAUSE is before the Court on the Motion to Dismiss by All Defendants (Doc. 35). United States Magistrate Judge Gregory J. Kelly issued a Report and Recommendation ("R&R," Doc. 41), recommending that the Court grant the motion. In the R&R, Judge Kelly determined that the Plaintiff had not met the prerequisite of being a conditional resident necessary to file a I-751 petition to remove conditions on residence, and as such he lacked standing to ask the Court to issue a writ of mandamus directing the Defendants to accept and adjudicate his I-751 petition. (*Id.* at 4). In Plaintiff's Response to Motion to Dismiss ("Response," Doc. 37), Plaintiff claims that because

an Immigration Judge ordered Plaintiff to file Form I-751, the prior immigration decisions[1] were "wiped away." (Doc. 37 at 2). Judge Kelly stated that even assuming arguendo the Immigration Judge "wiped away" the previous decisions, that does not establish that Plaintiff was a legal resident with or without conditions. (Doc. 41 at 4).

Plaintiff, proceeding *pro se*, filed an Objection (Doc. 42) to the R&R, where Plaintiff makes several arguments. First, Plaintiff argues that the District Court has no jurisdiction to review determinations made during removal proceedings. Specifically, Plaintiff rehashes his belief that because the Immigration Judge told Plaintiff to file an I-751, Plaintiff was in fact eligible to file one, and he argues that Judge Kelly is not authorized to review that decision. Second, Plaintiff argues that the Court has previously granted Plaintiff conditional permanent resident status, and therefore, res judicata prevents this Court from deciding whether Plaintiff has such status. Third, Plaintiff argues that his I-751 petition was rejected due to his failure to submit form I-551 —a green card— with the petition and not because he lacked conditional residency status. Plaintiff asserts that the Court cannot substitute its judgment for that of the administrative agency to rule otherwise.

Form I-751 is the immigration form used by conditional permanent residents who obtained their conditional permanent status through marriage to remove the conditions on residence. *See* I-751, Petition to Remove Conditions on Residence, *U.S. Citizenship and Immigration Services*, https://www.uscis.gov/i-751 (last visited September 27, 2018). "[T]he immigration regulations

---

[1] Plaintiff has had several unfavorable decisions from the Immigration Court, including multiple denials of his I-130 and I-485 petitions. He is also dangerously close to being considered a vexatious litigant as he has filed twenty-one lawsuits in the Orlando Division of Middle District of Florida since 2005, most of them related to his immigration proceedings. (*See* Doc. 35 at 2–3, n. 2) (listing cases brought by Plaintiff). These proceedings include one dismissal based on frivolity, nine dismissals as moot or for lack of jurisdiction, and one order to show cause why judicial pre-screening should not be imposed. (*Id.*).

generally presuppose that an individual must be a conditional resident to be eligible to file an I-751." *De Massenet v. Gonzales*, 485 F.3d 661, 663 (1st Cir. 2007) (citing 8 C.F.R. §§ 216.4(a)(1), 216.5(a)(1)). Plaintiff filed his form I-751 on June 19, 2017. (Doc. 15 at 1–2). Plaintiff's marriage was twice found to be a sham marriage by United States Citizenship and Immigration Services ("USCIS") prior to Plaintiff filing his form I-751—once in 2009 and again in 2013. (Doc. 35-1 at 2–4) (explaining Plaintiff's history with the USCIS and describing the two findings by the USCIS that Plaintiff's marriage was "for the purpose of circumventing U.S. immigration laws").[2] 8 U.S.C. § 1186a governs the conditional permanent resident status for alien spouses. Regarding the termination of conditional permanent status it provides:

> (b) Termination of status if finding that qualifying marriage improper.
>
> > (1) In general. In the case of an alien with permanent resident status on a conditional basis [because of marriage], if the Secretary of Homeland Security determines, before the second anniversary of the alien's obtaining the status of lawful admission for permanent residence, that--
> >
> > > (A) the qualifying marriage--
> > >
> > > > (i) was entered into for the purpose of procuring an alien's admission as an immigrant . . .
> > >
> > > (B) . . . the Secretary of Homeland Security shall . . . terminate the permanent resident status of the alien (or aliens) involved as of the date of the determination

8 U.S.C. § 1186a(b). Accordingly, any conditional status that Plaintiff may have gained due to his marriage was terminated when the marriage was determined to be a sham.

---

[2] Doc. 35-1 is an Omnibus Order issued by The Honorable United States District Judge Paul G. Byron in Case No: 6:13-cv-1027-Orl-40KRS which, among other things, affirmed the USCIS's 2013 finding regarding Plaintiff's marriage

Because Plaintiff no longer had conditional status when he filed his Form I-751, he did not satisfy the precondition to filing the form of having said conditional status, and he has no standing to ask the Court to issue a writ of mandamus directing Defendants to accept his Form I-751.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 41) is **ADOPTED** and **CONFIRMED** and made a part of this Order.
2. Defendants' Motion to Dismiss (Doc. 35) is **GRANTED**. Plaintiff's Complaint is **DISMISSED**.
3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on November 21, 2018.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party